```
            IN THE UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF ARKANSAS
                     PINE BLUFF DIVISION
```

MICHAEL ANDERSON                                              PETITIONER

vs.                    Civil Case No. 5:07CV00203 HLJ

LARRY NORRIS, Director,
Arkansas Department of Correction                             RESPONDENT

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

Michael Anderson, an inmate of the Arkansas Department of Correction, has filed a petition for a writ of habeas corpus under 28 U.S.C § 2254. Petitioner entered a guilty plea on August 14, 2000, to first degree murder and first degree battery and the court imposed an aggregate sentence of 720 months (Respondent's Exhibit 1). Under Ark. Rule App. P.-Crim. 1., a defendant who pleads guilty is not entitled to a direct appeal, except as provided in

A.R.Cr.P. 24.3(b), which does not apply here.  Petitioner did not seek post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure, and he did not move to withdraw his guilty plea.  On September 25, 2006, he filed a petition for state habeas corpus relief (Respondent's Exhibit 2), which the circuit court denied (Respondent's Exhibit 3).  The Arkansas Supreme Court affirmed (Respondent's Exhibit 4).

In the present proceeding, Petitioner raises the following grounds for relief:

>    1.  His sentence is illegal because it exceeded that allowed by the Arkansas Sentencing Grid in effect at the time of the commission of the crimes; and
>
>    2.  The sentencing court's use of aggravating factors to increase his punishment constituted double jeopardy.

Respondent admits Petitioner is in his custody pursuant to the challenged convictions, but he contends the petition should be dismissed as untimely under 28 U.S.C. § 2244(d), as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides:

>    (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

>United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Since Petitioner was not entitled to a direct appeal from his guilty plea, his conviction became final on the date the judgment and commitment was entered into the record in state court, which was August 14, 2000 (Respondent's Exhibit 1). See Ark. R. Crim. P. 37.2(c); Ark. R. App.P.-Civil 4(d). Thus, under Section 2244(d)(1)(A), the time for filing his federal habeas petition expired on August 14, 2001, and this petition is untimely.

The court notes that Section 2244(d)(1)(C) extends the one-year time period to the "date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In ground two, Petitioner relies on Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. U.S., 542 U.S. 296 (2004). Although

Apprendi was a new case at the time of Petitioner's guilty plea, it was decided on June 26, 2000, almost two months prior to his guilty plea and sentencing.  Thus, this section does not apply in determining the triggering date in this case.  In any event, the Eighth Circuit has determined that Apprendi claims may not be raised on collateral review.  Sexton v. Kemna  278 F.3d 808, 814 (8th Cir. 2002).

Section 2244(d)(2) provides that the limitations period shall be tolled during the time a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  Petitioner's state habeas petition did not toll the limitations period, however, because he did not file it until 2006, at which time the limitations period had expired.  Although given the opportunity, Petitioner has offered no explanation for his failure to file a timely federal habeas petition, and this court may not consider his claims.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice.  The relief prayed for is denied.

SO ORDERED this 13th day of March, 2008.

*Henry L. Jones, Jr.*
United States Magistrate Judge